**JAMES A. ITALIA, CA Bar No. 212815**
italia@italiaip.com
**ITALIA IP, PC**
**3500 West Olive Avenue, Suite 300**
**Burbank, California 91505**
**Telephone:  (818) 973-2720**
**Facsimile:  (818) 973-2702**

Attorneys for Plaintiff,
DANIEL MORKEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MORKEN, an individual in the State of Indiana,<br><br>Plaintiff(s),<br><br>vs.<br><br>PURE FISHING, INC., a company incorporated in South Carolina,<br><br>JARDEN, CORP., a company incorporated in Delaware,<br><br>SHAKESPEARE, INC., a company incorporated in South Carolina,<br><br>WALT DISNEY COMPANY, a company incorporated in Delaware,<br><br>MATTEL, INC., a company incorporated in Delaware,<br><br>MARVEL ENTERTAINMENT, LLC., a company incorporated in Delaware,<br><br>WAL-MART STORES INC., a company incorporated in Delaware,<br><br>CABELA'S, INC., a company incorporated in Delaware,<br><br>BPS DIRECT, LLC., a company incorporated in Delaware, | Case No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT AND FALSE DESIGN OF ORIGIN, PATENT INFRINGEMENT, UNFAIR COMPETITION, AND TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE.**<br><br>**DEMAND FOR JURY TRIAL** |

TOYS "R" US, INC., a company
incorporated in Delaware,

AMAZON.COM, INC., a company
incorporated in Delaware,

TARGET CORP., a company
incorporated in Minnesota,

and

JOHN DOES 1-100,

               Defendant(s).

Plaintiff, Daniel Morken ("Morken"), by and through its attorneys, Italia IP, PC, files its complaint against Pure Fishing, Inc., Jarden Corp., Shakespeare, Inc., Walt Disney Company, Mattel, Inc., Marvel Entertainment, LLC., Wal-Mart Stores, Inc., Cabela's, Inc., Bass Pro Shops, LLC.,  Toys "R" Us, Inc., Amazon.com, Inc., Target Corp., and John Does 1-100 (collectively "Defendants"), for injunctive relief and damages as follows:

### Subject Matter Jurisdiction and Venue

1.  This case is a civil action arising under the Patent and Trademark Laws of the United States, 35 U.S.C. § 271 and 15 U.S.C. § 1051 respectively.  This Court has subject matter jurisdiction over the claims in this Complaint which relate to trademark infringement and trade dress infringement pursuant to **15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a)**.

2.  This Court has subject matter jurisdiction over the claims in this action which involve patent infringement pursuant to **35 U.S.C. § 1 *et seq*.**, and more particularly **35 U.S.C. §§ 271 and 281; and 28 U.S.C. §§ 1331 and 1338(a)**.

3.  This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law of the State of California pursuant to 28 U.S.C. § 1367 (a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4.  Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).  The infringing products which are the subject of this litigation are and have been distributed and offered for distribution in the Central District of California; the claims alleged in this action arose in the Central District of California; and, the Defendant transacts business in the Central District of California.

### Parties and Personal Jurisdiction

5.  Plaintiff Morken is an Indiana individual with his residence at, 2241 Longleaf Dr., Fort Wayne, Indiana 46814.

6.  Defendant Pure Fishing, Inc. is a South Carolina corporation and upon information and belief, has its principal place of business at 7 Science Court, Columbia, South Carolina 29203.

7.  Defendant Jarden, Corp. is a Delaware corporation and upon information and belief, has its principal place of business at 1800 N Military Trail #210, Boca Raton, Florida 33431.

8.  Defendant Shakespeare, Inc., is a South Carolina corporation and upon information and belief, has its principal place of business at 7 Science Court, Columbia, South Carolina 29203.

9.  Defendant Walt Disney Company is a Delaware corporation and upon information and belief, has its principal place of business at 500 South Buena Vista St., Burbank, California 91521.

10.  Defendant Mattel, Inc., is a Delaware corporation and upon information and belief, has its principal place of business at 333 Continental Blvd, El Segundo, California 90245.

11.  Defendant Marvel Entertainment, LLC., is a Delaware corporation and upon information and belief, has its principal place of business at 135 West 50th St., 7th Floor, New York, New York 10020.

12.  Defendant Wal-Mart Stores, LLC., is a Delaware corporation and upon information and belief, has its principal place of business at 702 SW 8th St., Bentonville, Arkansas 72716.

13.  Defendant Cabela's, LLC., is a Delaware corporation and upon information and belief, has its principal place of business at 1 Cabela Dr., Sidney, Nebraska 69160.

14.  Defendant BPS Direct, LLC., is a Delaware corporation and upon information and belief, has its principal place of business at 2500 East Kearney, Springfield, Missouri 65898.

15.  Defendant Toys "R" Us, LLC., is a Delaware corporation and upon information and belief, has its principal place of business at 1 Geoffrey Way Wayne, New Jersey 07470.

16.  Defendant Amazon.com, LLC., is a Delaware corporation and upon information and belief, has its principal place of business at 410 Terry Ave N, Seattle, Washington 98109.

17.  Defendant Target, Corp. is a Minnesota corporation and upon information and belief, has its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

18.  Morken does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1-100, inclusive, and for that reason, said Defendants are sued under such fictitious

names and Morken will seek leave from the Court to amend this Complaint when such true names  and capacities are discovered.

### The Business of Plaintiff Morken

19.  Morken is the inventor and owner of the "Safety Bobber."  Morken is a fishing enthusiasts and inventor of various forms of fishing equipment.

20.  Among Morken's fishing equipment inventions is a fishing bobber known as the "Safety Bobber" or also known as the "Hide-Away Hook" bobber. Photographs of a Safety Bobber is attached to this Complaint as **Exhibits A1 and A2**.  A photograph of the Safety Bobber in its packaging is attached to this Complaint as **Exhibits B1 and B2.**  Each "Hide-Away Hook" bobber packaging is an original design comprising trademarkable subject matter under the laws of the United States.

21.  On December 3, 2003, Morken filed a Non-Provisional Utility Patent Application titled, "Safety Bobber" which received Application Serial No. 10/726,445 (referred to herein as "the '445 Application").

22.  On November 30, 2004, Morken filed a Continuation-in-Part Application on the '445 Application titled, "Safety Bobber" which received Application Serial No, 11/000,229 (referred to herein as "the '229 Application").

23.  In early 2005, Morken generated a website at SafetyBobber.com and began offering for sale and selling the Safety Bobber.  A screenshot from May 16, 2006 is attached to this Complaint as **Exhibit C** and could originally be found at: https://web.archive.org/web/20060516173312/http://www.safetybobber.com/

24.   In June 2005, Morken sent letters to contacts at Defendant Bass Pros Shops and Defendant Cabela's letting them know pricing details on the Safety Bobber and informing them that he will be a exhibiting the Safety Bobber at the

2005 International Convention of Applied Sportsfishing Trades (ICAST) in Las Vegas.  Copies of these letters are attached as **Exhibit D**. The letters also included promotional materials provided at the 2005 ICAST Tradeshow (see **Exhibit E**).

25.  From July 20-22, 2005, Morken was an exhibitor (Booth 1611) for the Safety Bobber at the 2005 ICAST Tradeshow in Las Vegas.  While there, he promoted the Safety Bobber by handing out hundreds of promotional sheets. Attached are copies of the promotional materials provided at ICAST as **Exhibit E**.  Morken also provided Safety Bobbers to industry leaders including representatives of Defendant Pure Fishing.

26.  While at ICAST, Mr. Morken entered the Safety Bobber in the "New Product Showcase" in the category of Best New Terminal Tackle for Kids.

27.  Between the years 2005-2008, Morken continued to offer the Safety Bobber for sale through his website SafetyBobber.com and through his eBay Store.  He also presented the product to QVC and successfully made it to the final step before being receiving a vendor identification number and having the Safety Bobber included on the show.

28.  March 05, 2008, Morken sent letters to Defendant Pure Fishing, more specifically to CEO Mr. Pat McIntyre of Pure Fishing and Mr. David H. Herzberg, the Sales and Marketing Manager of Defendant Shakespeare Company, which introduced the Safety Bobber and informed both of a "potential marketing opportunity" relating to the Safety Bobber.  The letter also informed both that the Safety Bobber was patented.  Copies of the letters are attached as **Exhibit F**.

29.  On March 17, 2008, less than two week later, Morken sent follow-up letters to the same representatives Defendants Pure Fishing and Shakespeare which again stated that the Safety Bobber includes "Patented Technology."

Copies of these letters are attached as **Exhibit G**.  The letters include the same promotional materials that he provided at ICAST (see **Exhibit E**).

30.  On March 28, 2008, just 11 days later, Morken sent another follow-up letter to Defendant Pure Fishing representative, CEO, Mr. Pat McIntyre.  In this letter, he re-introduced the Safety Bobber; discussed the potential licensing opportunities that could be associated with the bobber (including associations with Sponge Bob and Barbie); made it clear that he was interested in Pure Fishing becoming the dedicated manufacturer or marketer of the Safety Bobber; informed Mr. McIntyre that the Safety Bobber was patented; and, included samples of the Safety Bobber.  A copy of this letter is attached as **Exhibit H**.

31.  On April 29, 2008, Morken was awarded US Patent No. 7,363,743 (the '743 Patent) based on the '229 Application.  The '743 Patent is current and enforceable.  Attached is a true and correct copy of the '743 Patent as **Exhibit I**.

32.  From 2005 to the present, the Safety Bobber continues to be offered for sale utilizing the "Hide-Away Hook" name as evidenced by a recent purchase from Amazon.com.  See **Exhibit J** for a copy of the receipt.

### The Business of Defendant Pure Fishing, Inc.

33.  Morken is informed and believes that Defendant is a leading global provider of fishing tackle, lures, rods and reels with a portfolio of brands.

34.  Defendant sells or has sold fishing bobbers and related equipment.

35.  Morken is informed and believes that Defendant has sold unauthorized and infringing bobbers and related equipment, similar to Morken's Safety Bobber.  Attached is a photo comparison of Morken's Safety Bobber and Defendant's Hide-A-Hook bobber as **Exhibit K**.

36.  Morken is informed and believes that Defendant was fully aware of the Morken Safety Bobber and the Hide-Away Hook name as early as July 2005 when Morken was an exhibitor at the 2005 ICAST Show and rather than justly acknowledge that, it slavishly copied the Safety Bobber, claimed the invention as its own by filing a US patent application on April 27, 2012, and committed fraud on the USPTO by failing its duty of candor when it never informed the USPTO of the Morken Patent and other materially relevant information it had regarding the Morken Safety Bobber from as early as July 2005.

37.  Currently, Defendant is manufacturing, advertising and selling bobbers and that are both substantially similar to the overall configuration of Morken's Safety Bobber and are covered by one or more claims of the'743 Patent to the injury of Morken.  Defendant Pure Fishing is thus liable under various causes of action, including infringement of the '743 Patent pursuant to 35 U.S.C. § 271.

### The Business of Defendant Jarden Corp.

38.  Morken is informed and believes that Defendant is a leading provider of a diverse range of consumer products with over 120 brands sold globally and is that parent company of Defendants Pure Fishing and Shakespeare.

39.  Defendant sells or has sold fishing bobbers and related equipment.

40.  Morken is informed and believes that Defendant is infringing by way of inducing infringement and/or contributing to the infringement of the '743 Patent in the State of California, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale bobbers covered by one or more claims of the'743 Patent to the injury of Morken.  Defendant Jarden Corp. is thus liable for infringement of the '743 Patent pursuant to 35 U.S.C. § 271.

-8-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### The Business of Defendant Shakespeare, Inc.

41.  Morken is informed and believes that Defendant is a leader in selling quality, affordable fishing equipment since 1897.

42.  Defendant sells or has sold fishing bobbers and related equipment.

43.  Morken is informed and believes that Defendant is infringing by way of inducing infringement and/or contributing to the infringement of the '743 in the State of California, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale bobbers covered by one or more claims of the '743 Patent to the injury of Morken. Defendant Shakespeare, Inc. is thus liable for infringement of the '743 Patent pursuant to 35 U.S.C. § 271.

### The Business of The Walt Disney Company

44.  Morken is informed and believes that Defendant is an American diversified multinational mass media corporation.  In addition to being best known for the products of its film studio, Defendant owns and operates television and cable networks.

45.  Defendant sells or has sold fishing bobbers and related equipment with its mark on the bobbers.  Attached is a photo of Defendant The Walt Disney Company's "Cars" trademark on an infringing bobber as **Exhibit L**.

46.  Morken is informed and believes that Defendant is directly and jointly infringing by way of inducing infringement and/or contributing to the infringement of the '743 in the State of California, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling

and/or offering for sale bobbers covered by one or more claims of the '743 Patent to the injury of Morken.  Defendant The Walt Disney Company is thus liable for infringement of the '743 Patent pursuant to 35 U.S.C. § 271.

## The Business of Mattel, Inc.

47.  Morken is informed and believes that Defendant is an American toy manufacturing company founded in 1945.  Some of the brands and product Defendant produces include Fisher-Price, Barbie dolls, Monster High dolls, Hot Wheels and Matchbox toys, Masters of the Universe, American Girl dolls, board games, and WWE Toys.

48.  Defendant sells or has sold fishing bobbers and related equipment with its mark on the bobbers.  Attached is a photo of Defendant Mattel's "Barbie" trademark on an infringing bobber as **Exhibit M**.

49.  Morken is informed and believes that Defendant is directly and jointly infringing by way of inducing infringement and/or contributing to the infringement of the '743 in the State of California, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale bobbers covered by one or more claims of the '743 Patent to the injury of Morken.  Defendant Mattel, Inc. is thus liable for infringement of the '743 Patent pursuant to 35 U.S.C. § 271.

## The Business of Marvel Entertainment, LLC.

50.  Morken is informed and believes that Defendant is an American entertainment company.  The company is known for its Marvel Comics subsidiary and its film productions from Marvel Studios.

51.  Defendant sells or has sold fishing bobbers and related equipment with its mark on the bobbers.  Attached is a photo of Defendant Marvel's "Spiderman" trademark on an infringing bobber as **Exhibit N**.

52.  Morken is informed and believes that Defendant is directly and jointly infringing by way of inducing infringement and/or contributing to the infringement of the '743 in the State of California, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale bobbers covered by one or more claims of the'743 Patent to the injury of Morken.  Defendant Marvel Entertainment, LLC. is thus liable for infringement of the '743 Patent pursuant to 35 U.S.C. § 271.

## The Business of Wal-Mart Stores, Inc.

53.  Morken is informed and believes that Defendant is an American multinational retail corporation that operates chains of large discount department stores and warehouse stores.

54.  Defendant sells or has sold unauthorized and infringing bobbers and related equipment, which is confusingly similar to Morken's bobber.

55.  Morken is informed and believes that Defendant is directly and jointly infringing by way of inducing infringement and/or contributing to the infringement of the '743 in the State of California, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale bobbers covered by one or more claims of the'743 Patent to the injury of Morken.  Defendant Wal-Mart Stores, Inc. is thus liable for infringement of the '743 Patent pursuant to 35 U.S.C. § 271.

## The Business of Cabela's, Inc.

56.  Morken is informed and believes that Defendant is a direct marketer and specialty marketer and specialty retailer of hunting, fishing, camping, shooting, and related outdoor recreation merchandise.

57.  Defendant sells or has sold unauthorized and infringing bobbers and related equipment, which is confusingly similar to Morken's bobber.

58.  Morken is informed and believes that Defendant is directly and jointly infringing by way of inducing infringement and/or contributing to the infringement of the '743 in the State of California, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale bobbers covered by one or more claims of the '743 Patent to the injury of Morken.  Defendant Cabela's, Inc. is thus liable for infringement of the '743 Patent pursuant to 35 U.S.C. § 271.

### The Business of BPS Direct, LLC.

59.  Morken is informed and believes that Defendant also known as Bass Pro Shops is retailer of hunting, fishing, camping and related outdoor recreation merchandise.  Bass Pro Shops is known for a large selection of hunting, fishing, and other outdoor gear.

60.  Defendant sells or has sold unauthorized and infringing bobbers and related equipment, which is confusingly similar to Morken's bobber.

61.  Morken is informed and believes that Defendant is directly and jointly infringing by way of inducing infringement and/or contributing to the infringement of the '743 in the State of California, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale bobbers covered by one or more claims of the '743 Patent

to the injury of Morken.  Defendant BPS Direct, LLC. is thus liable for infringement of the '743 Patent pursuant to 35 U.S.C. § 271.

### The Business of Toys "R" Us, Inc.

62.  Morken is informed and believes that Defendant is an American toy and juvenile-products retailer.

63.  Defendant sells or has sold unauthorized and infringing bobbers and related equipment, which is confusingly similar to Morken's bobber.

64.  Morken is informed and believes that Defendant is directly and jointly infringing by way of inducing infringement and/or contributing to the infringement of the '743 in the State of California, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale bobbers covered by one or more claims of the '743 Patent to the injury of Morken.  Defendant Toys "R" Us, Inc. is thus liable for infringement of the '743 Patent pursuant to 35 U.S.C. § 271.

### The Business of Amazon.com, Inc.

65.  Morken is informed and believes that Defendant is an American international electronic commerce company.  It is the largest Internet-based company in the United States.  Amazon.com, Inc. sells books, DVDs, CDs, video and MP3 downloads/streaming, software, video games, electronics, apparel, furniture, food, toys, and jewelry.

66.  Defendant sells or has sold unauthorized and infringing bobbers and related equipment, which is confusingly similar to Morken's bobber.

67. Morken is informed and believes that Defendant is directly and jointly infringing by way of inducing infringement and/or contributing to the infringement of the '743 in the State of California, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale bobbers covered by one or more claims of the '743 Patent to the injury of Morken. Defendant Amazon.com, Inc. is thus liable for infringement of the '743 Patent pursuant to 35 U.S.C. § 271.

### The Business of Target Corp.

68. Morken is informed and believes that Defendant is an American retailing company founded in 1962. It is the third-largest discount retailer in the United States.

69. Defendant sells or has sold unauthorized and infringing bobbers and related equipment, which is confusingly similar to Morken's bobber.

70. Morken is informed and believes that Defendant is directly and jointly infringing by way of inducing infringement and/or contributing to the infringement of the '743 in the State of California, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale bobbers covered by one or more claims of the '743 Patent to the injury of Morken. Defendant Target Corp. is thus liable for infringement of the '743 Patent pursuant to 35 U.S.C. § 271.

### The Business of John Does 1-100

71. Morken does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1-100,

inclusive, and for that reason, said Defendants are sued under such fictitious names and Morken will seek leave from the Court to amend this Complaint when such true names and capacities are discovered.

72.  Morken is informed and believes that Defendants are directly and jointly infringing by way of inducing infringement and/or contributing to the infringement of the '743 in the State of California, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale bobbers covered by one or more claims of the '743 Patent to the injury of Morken.  Defendant John Does 1-100 is thus liable for infringement of the '743 Patent pursuant to 35 U.S.C. § 271.


**First Cause of Action**

(Infringement of U.S. Patent No. 7,363,743)


73.  Morken realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 72, inclusive.

74.  Defendants have been on constructive notice of the '743 Patent since its issuance on April 29, 2008.  Attached is the '743 Patent as **Exhibit I**.

75.  Defendant The Walt Disney Company sells or has sold fishing bobbers and related equipment with its mark on the bobbers.  A photograph of Defendant The Walt Disney Company's mark on the Morken bobber is attached to this Complaint as **Exhibit L.**

76.  Defendant Mattel, Inc. sells or has sold fishing bobbers and related equipment with its mark on the bobbers.  A photograph of Defendant Mattel's mark on the Morken bobber is attached to this Complaint as **Exhibit M.**

77. Defendant Marvel Entertainment sells or has sold fishing bobbers and related equipment with its mark on the bobbers.  A photograph of Defendant Marvel Entertainment, LLC.'s mark on the Morken bobber is attached to this Complaint as **Exhibit N.**

78. Morken is the sole owner of the '743 Patent and has exclusive rights to exclude others and to recover damages for infringement of the claims thereof.

79. Defendants have used and are using, and/or have offered to sell and or are offering to sell bobbers that infringe the claims of '743 Patent, and may be inducing others to infringe the claims of the '743 Patent.  The above-described conduct constitutes infringement of the '743 Patent.

80. Defendants' infringement has been willful.

81. Plaintiff has been and will continue to be damaged by Defendants' infringement of the '743 Patent.

82.  Morken does not have an adequate remedy at law, and Defendant will continue to infringe the '743 Patent unless enjoined by the Court.

83.  Plaintiff is further entitled to damages in an as yet undetermined amount.

### Second Cause of Action

(Infringement of an Unregistered Trademark 15 U.S.C. § 1125 (a))

84.  Morken realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 83 of this Complaint as though fully set forth here.

85.  The "Hide-Away Hook" trademark has acquired distinctiveness and secondary meaning in connection with fishing bobbers and related equipment by virtue of its extensive and lengthy use by Morken and is a protectable trademark of Morken.

86. Defendants' use in commerce of the nearly identical Hide-A-Hook name for an identical product is likely to cause confusion, mistake or to deceive.

87. The above-described acts of Defendants constitute trademark infringement in violation of 15 U.S.C. § 1125(a), entitling Morken to relief.

88. Defendants have unfairly profited from the trademark infringement alleged.

89. By reason of Defendants' acts of trademark infringement, Morken has suffered damages to the goodwill associated with its Morken Hide-Away Hook trademark.

90. Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm.

91. Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

92. By reason of Defendants' acts of trademark infringement, Morken's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant.  Accordingly, Morken is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

93. Defendants' acts of trademark infringement are willful and Morken is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

94. This is an exceptional case making Morken eligible for an award of attorney's fees under 15 U.S.C. § 1117.

**Third Cause of Action**

(Trade Dress Infringement and False Designation of Origin Under 15 U.S.C. § 1125(a))

95.  Morken realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 94 of this Complaint as though fully set forth.

96.  Morken's Safety Bobber has a unique and distinctive visual appearances that is recognizable to the purchasing public and identifies and distinguishes this as Morken bobber.  The visual distinctive visual appearance of the Safety Bobber constitutes legally protectable trade dress.

97.  Defendants' use in commerce of the Morken Hide-Away Hook line is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendants' goods or service are authorized, sponsored or approved by or are affiliated with Morken.

98.  The above described acts of Defendants constitute trade dress infringement and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Morken to relief.

99.  Morken is being damaged and is likely to be damaged in the future by Defendants' infringement by reason of the likelihood that purchasers of Defendant's goods will be confused or mistaken as to source, sponsorship or affiliation of Defendants' bobbers and related equipment.

100.   Defendants have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined.

101.   By reason of the above-described acts of Defendants, Morken has suffered and will continue to suffer damage to the goodwill associated with the Hide-Away Hook line of bobbers.

102.   The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm Morken.

103.    The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

104.    By reason of the above-described acts of Defendants, Morken's remedy at law is not adequate to compensate it for the injuries inflicted. Accordingly, Morken is entitled to entry of injunctive relief pursuant to 15 U.S.C. §1116.

105.    The above-described acts of Defendants Pure Fishing, Jarden, Shakespeare, Bass Pro Shops and Cabela's was willful and Morken is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

106.    This is an exceptional case making Morken eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### Fourth Cause of Action

(Violation of California Unfair Competition Law)

107.    Morken realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 106 of this Complaint as though fully set forth.

108.    Morken is informed and believes that Defendants are in direct competition with Morken.

109.    Defendants have infringed Morken's protectable trademark and trade dress and sold infringing products in violation of Morken's proprietary rights.  Such acts constitute unfair trade practices and unfair competition under California Business and Profession Code §§ 17200, *et seq*., and under the common law of the State of California.

110.     Pursuant to California Business and Professions Code § 17203, Defendants are required to disgorge and restore to Morken all profits and property acquired by means of Defendants' unfair competition with Morken.

111.     Due to the conduct of the Defendants, Morken has suffered and will continue to suffer irreparable harm.  It would be difficult to ascertain the amount of money damages that would afford Morken adequate relief at law for Defendants' acts and continuing acts.  Morken's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendants.  Accordingly, Morken is entitled to preliminary and permanent injunctive relief pursuant to California Business and Professions Code § 17203.

### Fifth Cause of Action

(State Common Law Unfair Competition)

112.     Morken hereby repeats and realleges paragraphs 1 through 111 hereinabove as though fully set forth herein.

113.     By its acts complained of herein, Defendants have engaged in unfair competition under the common law of the State of California.

114.     Morken is informed and believes, and thereon alleges that the acts complained of herein were undertaken willfully and with the intention of causing confusion, mistake and deception.

115.     Because of Defendants' acts complained of herein, Morken has suffered and will continue to suffer irreparable harm, and Defendants have unfairly profited and will continue to be unjustly enriched to an extent not presently ascertained, which irreparable harm and unjust enrichment will continue until enjoyed by order of this Court.

116.    Morken is informed and believes and on that basis alleges that Defendants' conduct has been intentional and willful and in conscious disregard of Morken's rights, and therefore, Morken is entitled to exemplary or punitive damages under the common law of the State of California in an amount appropriate to punish Defendants and to make an example of Defendants to the community.

### Sixth Cause of Action

(Tortious Interference with Prospective Economic Advantage)

117.    Morken realleges, incorporates by this reference, each and every allegation set forth in paragraphs 1 through 116, inclusive.

118.    By its acts complained of herein, Defendant has engaged in tortious interference under the common law of the State of California.

119.    Morken is informed and believes, and thereon alleges that the acts complained of herein were undertaken by the Defendants to disrupt the relationship between Morken and his customers, which resulted in the loss of future economic benefits.

120.    Morken is informed and believes, and thereon alleges that Defendants Jarden, Pure Fishing, and Shakespeare deceived and perpetuated a fraud against the United States Patent and Trademark Office (USPTO) in order to receive a patent.  Defendants had been on constructive notice of the '743 Patent since its issuance on April 29, 2008.  In addition, Defendants had actual notice of Morken's '743 Patent at least as early as March 5, 2008 when Morken sent letters to Defendant, more specifically to then acting CEO, Mr. Pat McIntyre of Pure Fishing and Mr. David H. Herzberg, the Sales and Marketing Manager of Shakespeare Company, LLC, Inc. which introduced the Safety Bobber and

informed them of a "potential marketing opportunity" relating to the Safety Bobber.  The letter also informed them that the Safety Bobber was patented.  The letters included the same promotional materials that Morken provided at ICAST. Further, Defendants failed to disclose material information relating to Morken's Safety Bobber it had as early as July 2005 when Morken was an exhibitor of the Safety Bobber at the 2005 ICAST trade show.

121.    In light of Defendants' knowledge of the '743 Patent and all the additional prior art facts described above, Defendants had a duty to disclose, at an absolute minimum, to the USPTO the existence of Morken's '743 Patent, when Defendant Pure Fishing applied for its U.S. Patent Application 13/458,487 on April 27, 2012.  Pure Fishing's patent application issued as a patent on June 6, 2014 as US Patent No. 8,739,459 without any discussion of the Morken '743 Patent during its prosecution.  Attached is Defendant Pure Fishing's Patent as **Exhibit O**.

122.    When Defendant filed its U.S. Patent Application 13/458,487 on April 27, 2012, Defendant failed to disclose the existence of Morken's '743 Patent on the Information Disclosure Statement (IDS).  Attached is Defendant's IDS that was filed with the U.S. Patent Application 13/458,487 as **Exhibit P**.

123.    At a minimum, when Defendant Pure Fishing failed to disclose the existence of the Morken '743 Patent on the IDS, Defendant violated the duty of candor and good faith in dealing with the USPTO.  As stated in 37 C.F.R. 1.56, "Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section."

124.    Morken is informed and believes, and thereon alleges that the acts complained of herein were undertaken willfully and with the intention of causing confusion, mistake, and deception.

125.    Because of Defendants' acts complained of herein, Morken has suffered and will continue to suffer irreparable harm, and Defendants have unfairly profited and will continue to be unjustly enriched to an extent not presently ascertained, which irreparable harm and unjust enrichment will continue until enjoined by order of this Court.

**Prayer for Relief**

**Therefore,** Plaintiff respectfully requests judgment as follows:

126.    That the Court enter a judgment against Defendants in that Defendants have:

a) infringed the rights of Plaintiff in its U.S. Patent No. 7,363,743;

b) infringed the rights of Plaintiff in its Hide-Away Hook trademark in violation of 15 U.S.C. § 1125;

c) infringed the rights of Plaintiff in its trademark in violation of 15 U.S.C. § 1114;

d) competed unfairly with Plaintiff at common-law and in violation of California Business and Professions Code § 17200; and

e) committed tortious interference with prospective economic advantage.

127.    That each of the above acts was willful.

128.   That the Court issue a Preliminary Injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

a)  manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any bobber and related equipment that is in the possession of Defendants that are confusingly similar in name and form to Plaintiff's proprietary Hide-Away Hook trademark and trade dress,

b)  destroying any documents, electronic files, models, molds, business records, or any other tangibly object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any infringing Safety Bobber or related equipment; and,

c)  engaging in any other activity constituting an infringement of Hide-Away Hook trademark or Plaintiff's trade dress of its Hide-Away Hook line of bobbers.

129.   That Plaintiff be awarded Defendants' profits resulting from its infringement of Plaintiff's trademark and trade dress rights.

130.   Entering an Order preliminarily and permanently enjoining Defendants, each of its officers, directors, employees, agents, affiliates, subsidiaries, parents, successors, representatives, and all persons acting or claiming to act on behalf of Defendants or under Defendants' direction, from directly or contributorily, or inducing infringement of Plaintiff's '743 Patent:

a)      Defendants to cease selling or offering for sale in the United States its infringing bobbers;

b)      Defendants to cease manufacturing its infringing bobbers in the United States for sale outside the United States;

c)      Defendants to recall all infringing bobbers from all distributors, dealers, retailers to whom it delivered infringing bobbers to in and outside the United States and for those bobbers to be destroyed;

d)      Defendants to turn over to Plaintiff for their destruction all injection molds utilized in the manufacturing of the infringing bobbers;

131.    Entering a judgment in favor of Plaintiff and against Defendants on Plaintiff's Third Claim for Relief for damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial, but no event less than a reasonable royalty for infringement of the '743 Patent;

132.    Entering a judgment in favor of Plaintiff and against Defendants for treble damages pursuant to 35 U.S.C. § 284 for Defendants' willful and deliberate patent infringement;

133.    That Plaintiff be awarded all profits and property acquired by means of Defendants' unfair competition with Plaintiff.

134.    That Plaintiff be awarded all profits and property acquired by means of Defendants' tortious interference with Plaintiff.

135.    That Plaintiff be awarded exemplary or punitive damages in an amount appropriate to punish Defendants and to make an example of Defendants to the community.

136.    That the Court issue a Permanent Injunction enjoining and restraining Defendants and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using Plaintiff's Hide-Away Hook trademark or trade dress protecting the Hide-Away Hook line of bobbers.

137.    That the Court issue an Order at the conclusion of the present matter that the infringing bobbers and related equipment infringing Plaintiff's

trade dress, and all Defendants' infringing copies of the Hide-Away Hook and all molds by which such infringing bobbers and related equipment was produced, be seized, impounded and destroyed.

138.    That Defendants be ordered to account for and disgorge to Plaintiff all amounts by which Defendants has been unjustly enriched by reason of the unlawful acts complained of.

139.    That the Court award Plaintiff its reasonable attorney's fees pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117, and any other applicable provision of law.

140.    The damages resulting from Defendants' willful infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117.

141.    That Plaintiff be awarded such other relief as may be appropriate.

1

DATED:  December 12, 2014

Respectfully submitted,

2

ITALIA IP

3

4

By   /James A. Italia/

5

James A. Italia

6

7

Attorneys for Plaintiff,
Daniel Morken.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR TRIAL BY JURY

2

3
    Plaintiff hereby demands a trial by jury to decide all issues so triable in this case.

4

5
DATED:  December 12, 2014             Respectfully submitted,

            ITALIA IP

6

7
                                     By   /James A. Italia/

8                                            James A. Italia

9

10                                   Attorneys for Plaintiff,
                                     Daniel Morken

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28